NOT DESIGNATED FOR PUBLICATION

No. 120,628

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KADE LENARD, et al.,
*Appellants*,

v.

FARM BUREAU PROPERTY & CASUALTY INSURANCE COMPANY,
*Appellee.*

MEMORANDUM OPINION

Appeal from Shawnee District Court; RICHARD D. ANDERSON, judge. Opinion filed August 2, 2019. Affirmed.

*LJ Leatherman*, of Palmer Law Group L.L.P., of Topeka, for appellants.

*Todd N. Thompson*, of Thompson Warner, P.A., of Lawrence, for appellee.

Before GARDNER, P.J., PIERRON, J., and BURGESS, S.J.

PER CURIAM: Delaina Lenard brought an underinsured motorist (UIM) claim on behalf of Kade Lenard, a minor injured in an automobile accident, and the estate of Lance Lenard, deceased in the automobile accident, against Farm Bureau Property Casualty Insurance Company (Farm Bureau). The district court granted Farm Bureau's motion for summary judgment. Delaina appeals. We affirm.

FACTS

On August 18, 2016, a vehicle driven by Devin Greeve struck a vehicle driven by Lance. Lance and two passengers in Greeve's vehicle passed away. Kade, a passenger in Lance's vehicle, was injured in the accident. Greeve's vehicle was insured by Allstate Insurance Company under a policy carrying a liability limit of $50,000 per person or $100,000 per occurrence. Lance's vehicle was insured by Farm Bureau under a policy with liability limits equal to those of Greeve's policy. Claimants entered settlements for $25,000 each. Greeve's Allstate liability limits played a role in the settlement process.

Delaina Lenard, as mother of Kade and on behalf of the estate and the heirs at law of Lance, petitioned the district court to order Farm Bureau to pay $25,000 per person for Kade and Lance under the UIM coverage of Lance's policy. She claimed that because the $100,000 per occurrence limit in Greeve's Allstate policy was dispersed between four claimants, the Lenards had recovered $25,000 per person less than the $50,000 per person limit of Lance's policy. Farm Bureau moved for summary judgment, asserting that UIM coverage is only available when the tortfeasor's liability coverage limits are below the liability coverage limits of the claimant. Delaina filed a cross-motion requesting summary judgment in her favor, challenging the test in *State Farm Mut. Auto Ins. Co. v. Cummings*, 13 Kan. App. 2d 630, 639, 778 P.2d 370 (1989), *abrogated in part by Cashman v. Cherry*, 270 Kan. 295, 13 P.3d 1265 (2000), as contrary to the legislative intent to provide compensation to innocent persons damaged through wrongful conduct of another. She argued the test fails to consider the pragmatic definition of "limits" when considering the recovery amount available with multiple claimants in one occurrence.

The district court determined the *Cummings* decision developed a two-prong test for determining whether UIM coverage is available to a claimant. First, the opposing party's liability coverage must be below the claimant's liability limits. Second, the claimant must have damages that exceed the opposing party's liability limits. For UIM

2

coverage to be available, both prongs must be met. The court held that the limits to limits comparison in the first *Cummings* prong established that the policy issued to Lance contained the same limits as the policy issued to Greeve. The court found that, as a matter of law, no UIM coverage was available to Delaina and granted Farm Bureau's motion for summary judgment, denying her cross-motion. Delaina appeals.

ANALYSIS

The parties do not dispute the material facts, only the application of law. Where there is no factual dispute, appellate review of an order regarding summary judgment is de novo. *Martin v. Naik*, 297 Kan. 241, 246, 300 P.3d 625 (2013). "'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Patterson v. Cowley County, Kansas*, 307 Kan. 616, 621, 413 P.3d 432 (2018).

Under K.S.A. 40-284(b):

"Any uninsured motorist coverage shall include an underinsured motorist provision which enables the insured or the insured's legal representative to recover from the insurer the amount of damages for bodily injury or death to which the insured is legally entitled from the owner or operator of another motor vehicle with coverage limits equal to the limits of liability provided by such uninsured motorist coverage to the extent such coverage exceeds the limits of the bodily injury coverage carried by the owner or operator of the other motor vehicle."

In *O'Donoghue v. Farm Bureau Mut. Ins. Co.*, 275 Kan. 430, 437, 66 P.3d 822 (2003), the Kansas Supreme Court explained:

3

> "'The purpose of the legislation mandating the offer of uninsured and underinsured motorist coverage is to fill the gap inherent in motor vehicle financial responsibility and compulsory insurance legislation. This coverage is intended to provide recompense to innocent persons who are damaged through the wrongful conduct of motorist who because they are uninsured or underinsured and not financially responsible, cannot be made to respond to damages.' [Citation omitted.]"

See *Rich v. Farm Bureau Mut. Ins. Co.*, 250 Kan. 209, 215, 824 P.2d 955 (1992). The *O'Donoghue* court found uninsured and underinsured motorist statutes are remedial in nature and should be liberally construed to provide broad protection to the insured for bodily injuries sustained in an automobile accident with an uninsured or underinsured motorist.

> "'Uninsured and underinsured motorist coverage was developed by the Kansas Legislature as a means of protecting individuals from negligent uninsured or underinsured motorists. The purpose of K.S.A. 40-284 is to provide the individual who is covered by the standard automobile liability policy with a right against his or her own insurer equal to that the insured would have against the uninsured or underinsured tortfeasor.' [Citation omitted.]" 275 Kan. at 437 (quoting *Rich*, 250 Kan. at 215-16).

The *Cummings* court found: "In determining whether underinsured motorist coverage is available, two steps must be satisfied: (1) The opposing party's liability coverage must be below the claimant's liability coverage, and (2) the claimant must have damages in excess of the opposing party's liability coverage." 13 Kan. App. 2d at 639. In *Tilley v. Allied Property & Cas. Ins. Co.*, 33 Kan. App. 2d 923, 927, 111 P.3d 188 (2005), the court noted:

> "Although *Cummings* was abrogated in part by *Cashman v. Cherry*, 270 Kan. 295, 13 P.3d 1265 (2000), more than 13 years has passed since *Cummings* was decided, and the legislature has not changed what *Cummings* referred to as a harsh result. The

4

legislature is presumed to agree with the court's interpretation of a statute if it fails to modify the statute. [Citation omitted.]"

In seeking $25,000 per person of UIM coverage for Lance and Kade from Farm Bureau, which would provide a total of $50,000 each, Deliana relies on *Jones v. Automobile Club Inter-Insurance Exchange*, 26 Kan. App. 2d 206, 209, 981 P.2d 767 (1999):

> "When interpreting a statute, the court should give words in common usage their natural and ordinary meaning. The legislature did not specify the per person liability limit or the per occurrence liability limit in K.S.A. 40-284(b). Instead, the legislature used the word 'limits,' rather than 'limit.' By using the plural, the legislature referred to more than one limit. Accordingly, either the per person or the per occurrence limit may apply. Whether the per person or the per occurrence liability limit applies will depend on which limit impairs the insured's ability to receive compensation from the other motorist."

However, in *Jones*, the first prong of the *Cummings* test was not at issue. Jones had UIM coverage for $50,000 per person and $100,000 per occurrence, while the tortfeasor had liability insurance coverage of only $25,000 per person and $50,000 per occurrence. The question was whether Jones could recover UIM coverage from her insurer when her damages were $20,682.15, more than $4,000 less than the per person limit in the tortfeasor's policy. The $50,000 per occurrence coverage had been dispersed between four injured parties and Jones recovered only $7,826. The *Jones* court applied the limit most favorable to Jones and determined the claims against the tortfeasor exceeded the per occurrence liability limit, which fulfilled the second prong of the *Cummings* test. *Jones*, 26 Kan. App. 2d at 209. The discussion about whether the tortfeasor's per person or per occurrence limit applied to the ability to recover under the second prong, it does not address the limits to limits analysis in the first prong.

5

Under the first prong, Kansas courts only look at the tortfeasor's liability coverage and the claimant's liability coverage. Here, Greeve's liability coverage was $50,000 per person or $100,000 per occurrence. Lance's liability coverage was also $50,000 per person or $100,000 per occurrence. Because the policies have equal liability limits, the first prong of the *Cummings* test is not satisfied and UIM coverage is not available to Delaina. The district court did not err in granting summary judgment in favor of Farm Bureau.

Affirmed.